# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-CR-95-CVE |
| | ) | |
| **DERICK DEAN BROWN**, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION FOR DOWNWARD VARIANCE

Defendant Derick Dean Brown requests a downward variance from the advisory sentencing guidelines.

### *Degree of Relief Requested*

Defendant Brown requests that he be sentenced to the statutorily mandated minimum term of imprisonment of 180 months (15 years).

### *Argument and Authorities*

Defendant Brown wishes the Court, the prosecution, the public, and, especially, his victims to understand that in filing this motion he is neither minimizing his culpability nor seeking undeserved mercy. Defendant Brown acknowledges that he has caused unspeakable pain and suffering for his victims and the families of his victims. He understands that no punishment, however severe, could give them the justice they deserve. Defendant Brown knows the embarrassment and grief that he has caused his own family. He understands that no sentence, however lenient, could restore the peace and harmony they once knew.

Not one of us is entirely evil or entirely good. Defendant Brown is one of us. He is a human being. He is neither entirely the predatory monster his victims imagine him to be, nor entirely the saintly son his family wishes him to be. He has done great evil, but he is not without qualities that speak to innate goodness. The purpose of this motion, then, is to encourage a balanced approach to judgment in this case – to seek a sentence, through application of the Title 18 U.S.C. § 3553(a) factors, that is "sufficient, but not greater than necessary," to fulfill the purposes of a federal sentence.

*The Nature and Circumstances of the Offenses*

Defendant Brown, a 22-year-old adult at the time, used an internet application to communicate with a 14-year-old female child to persuade her to have sexual intercourse with him. The messages from Defendant Brown were numerous, manipulative, and graphic. They continued for more than a year. During that year Defendant Brown had sexual intercourse with the child on several occasions. Toward the end of the year, Defendant Brown persuaded the child to videotape herself masturbating and to send him the video by way of an internet application.

Defendant Brown also used an internet application to communicate with a 13-year-old female child to persuade her to have sexual intercourse with him. The messages from Defendant Brown were, again, numerous, manipulative, and graphic. They continued for approximately two months. In one exchange the child specifically informed Defendant Brown that she was a minor. Defendant Brown answered that he was aware of the risks

involved. Defendant Brown succeeded in persuading the child to have sexual intercourse with him on one occasion. The child's mother learned of the crime and alerted law enforcement. When Defendant Brown attempted to arrange a second meeting with the child for sexual intercourse, law enforcement officers arrested him in a "sting" operation.

*The History and Characteristics of the Defendant*

Defendant Brown's parents met when his mother was 16 and his father 24. Two years later they were married and have remained together ever since. They are parents to three sons, including Defendant Brown, who is the eldest. The other two sons live in the parents' home. All family members report that they are, and have always been, close, stable, and happy. None of the children appear to have suffered from neglect or abuse. The entire family has been supportive of Defendant Brown throughout these legal proceedings, visiting him at the county jail, sharing information with his attorneys, and attending court proceedings. They advise that they will continue to provide their support and encouragement to Defendant Brown throughout the service of his sentence.

Defendant Brown's parents report that he was a good student who was never in the slightest of trouble. Defendant Brown completed high school with mediocre, but acceptable, grades. After graduation he enlisted in the United States Air Force, was stationed in Italy, and was ultimately promoted to Senior Airman (E-4). Toward the end of his military enlistment Defendant Brown underwent a dramatic change. According to his father, Defendant Brown had been happily engaged to an English woman while he was stationed in Italy. When the

engagement was ended, Defendant Brown became depressed, began incurring minor infractions, and was eventually ordered stateside. While stationed in a northern state Defendant Brown injured his back. The injury led to further depression, infractions, and eventual discharge from the Air Force. During this time, Defendant Brown, a young man with no prior criminal history, commenced the criminal conduct that resulted in his instant convictions. None of these facts explain or mitigate Defendant Brown's criminal conduct, and they are not offered for such purposes. Rather, the events simply help to fix the time when Defendant Brown chose, for whatever reason, to pursue a dark path for his future.

Defendant Brown has voluntarily admitted his crimes, and he has timely entered his plea of guilty. His early plea has saved the Government considerable resources and has saved the victims from having to relive their ordeals through testimony. Defendant Brown has voluntarily forfeited his vehicle – his only real asset – and has agreed to pay restitution for the harm he has inflicted on his victims.

Defendant Brown understands he will be sentenced to at least 15 years of imprisonment. He accepts that punishment as just and deserved. He requests the Court recommend placement at FCI Butner.

*The Need for the Sentence Imposed to Reflect the Seriousness of the Offense,*
*to Promote Respect for the Law, and to Provide Just Punishment for the Offense*

The offenses are serious. The statutory punishment recognizes this by mandating a minimum sentence of 15 years' imprisonment for Count One and 10 years' imprisonment for Count Three. The minimum punishments are the equivalent of those which are imposed upon

armed career criminals (18 U.S.C. § 924(e)) and the most serious drug distributors. (21 U.S.C. § 841(a)(1)).

The requested sentence promotes respect for the law. The punishment is swift and certain. Sentencing will occur within ten months of federal arrest, and the sentence is guaranteed to be not less than 15 years' imprisonment.

The requested sentence is just punishment for the offenses. Those who harm society's most vulnerable citizens are deserving of society's most harsh punishments. Mandatory imprisonment for 15 years is significant punishment. Even if he receives credit for good behavior while incarcerated, Defendant Brown will not rejoin society until approximately 2028, when he will be nearing 40 years of age.

*The Need for the Sentence Imposed to Afford*
*Adequate Deterrence to Criminal Conduct*

Numerous studies have concluded that increasing the severity of punishment does little to deter crime.[1] It is the certainty of apprehension and punishment, not the length of imprisonment, which most effectively deters others from committing crimes. See Valerie Wright, Ph.D., *Deterrence in Criminal Justice*, The Sentencing Project, pp. 4-5 (November 2010).

---

[1] *Five Things about Deterrence*, U.S. Department of Justice, National Institute of Justice (July 2014), citing Daniel Nagin, "Deterrence in the 21st Century," *Crime and Justice in America: 1975-2025* (ed. Michael Tonry, University of Chicago Press, 2013); Valerie Wright, Ph.D., *Deterrence in Criminal Justice*, The Sentencing Project (November 2010), pp. 4-5, citing numerous studies that infer severity of punishment has little if any correlation with deterrence of criminal conduct in others.

5

Defendant Brown has been in custody since his federal arrest. He is being punished with certainty within ten months of that arrest. The certainty of that punishment is fixed by statute. There is no possibility for leniency. There is no chance of probation. There is only the guarantee of nothing less than one-and-one-half decades in prison.

*The Need for the Sentence Imposed to Protect the Public
from Further Crimes of the Defendant*

Defendant Brown will be sentenced to a term of imprisonment of at least 15 years. Upon completion of his imprisonment, Defendant Brown will remain under the close supervision of a United States Probation Officer for at least 5 years of supervised release. He will be required to register as a sex offender for the remainder of his life. The severity of the laws punishing sex offenders ensures the protection of the public from further crimes of Defendant Brown.

*The Need for the Sentence Imposed to Provide the Defendant
with Needed Educational or Vocational Training, Medical Care,
or other Correctional Treatment in the most Effective Manner*

Confinement to a federal facility is the most effective manner of providing Defendant Brown with all necessary sex offender treatment and counseling while adequately protecting the public. During his confinement, Defendant Brown may improve upon his high school diploma through further educational or vocational training. His medical concerns are minimal and may be adequately addressed within the Bureau of Prisons.

*The Kinds of Sentences Available*

The only sentence available is that mandated by statute: imprisonment for at least 15 years to be followed by not less than 5 years of supervised release.

*The Kinds of Sentence and the Sentencing Range
Established by the Sentencing Guidelines*

The revised presentence report calculates Defendant Brown's sentencing guidelines at 210 to 262 months. The requested variance would be 30 months less than the minimum guidelines sentence.

Defendant Brown voluntarily entered his plea of guilty to Count One, which alleged violation of 18 U.S.C. § 2251 – sexual exploitation of a child. That statute severely punishes any person who entices a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct using materials that have been mailed, shipped, and transported in or affecting interstate commerce. Defendant Brown's base offense level of 32 is raised an additional 2 levels pursuant to USSG § 2G2.1(b)(2)(A) because the offense involved sexual contact. Specifically, the offense involved the child masturbating at Defendant Brown's behest.

Defendant Brown maintains that the base offense level (which measures the statutory violation) and the enhancement punish, essentially, the same criminal conduct. The statute criminalizes the enticement of a minor to engage in "sexually explicit conduct." That term is defined at 18 U.S.C. § 2256(2)(A) as actual or simulated masturbation, among other acts. The guidelines enhancement adds additional punishment for "sexual contact." That term is

7

defined at 18 U.S.C. § 2246(3) to include "intentional touching, either directly or through the clothing." At least one circuit court has concluded that the "touching" can be of oneself. See *United Stats v. Shafer*, 573 F.3d 267 (6th Cir. 2009).

In Defendant Brown's case, he is being punished under the statute (and its relevant guideline base offense level) for enticing the minor to produce a visual depiction of sexually explicit conduct (masturbation). His base offense level of 32 is then being enhanced an additional 2 levels because the offense involved sexual contact (the same act of masturbation). Defendant Brown maintains the guidelines as applied in this manner overstate the seriousness of the offense – at least in terms of measuring that offense through offense levels.

In *Gall v. United States*, 552 U.S. 38 (2007), the Supreme Court emphasized the sentencing court's duty to thoughtfully evaluate all the factors enumerated in 18 U.S.C. §3553(a) when determining the appropriate sentence. Rather than presuming that the sentencing guidelines calculations will result in a sentence that is "sufficient but not greater than necessary" to achieve the purposes of sentencing, the judge should conduct an "individualized assessment" of the case by considering "all of the 3553(a) factors." *Gall*, 552 U.S. at 49-50. In *Nelson v. United States*, 555 U.S. 350 (2009), the Supreme Court reaffirmed its commitment to this sentencing model, stating "[t]he Guidelines are not only *not mandatory* on sentencing courts; they are also not to be *presumed* reasonable." *Nelson*, 555 U.S. at 350. Judges may consider arguments that the applicable guidelines fail properly to

8

reflect §3553(a) considerations, reflect an unsound judgment, do not treat defendant characteristics in the proper way, or that a different sentence is appropriate regardless. *Rita v. United States*, 551 U.S. 338, 351, 357 (2007).

*Any Pertinent Policy Statement Issued by the Sentencing Commission*

Counsel believes all pertinent policy statements have been taken into account in the presentence report.

*The Need to Avoid Unwarranted Sentence Disparities Among Defendants*
*with Similar Records who have been Found Guilty of Similar Conduct*

No defendant who violates 18 U.S.C. § 2251(a) receives a sentence of less than 15 year's imprisonment unless cooperation with the Government is a factor. Nationally, of the 362 defendants sentenced pursuant to USSG § 2G2.1, only 149 were sentenced within the guidelines range. A total of 106 were sentenced below the guidelines range. See USSC Sourcebook 2014, Table 28.

A variance of 30 months from 210 months to the mandatory minimum sentence of 180 months would not be an *unwarranted* sentence disparity in light of the 3553(a) factors presented above.

*The Need to Provide Restitution to any Victims of the Offense*

Defendant Brown has agreed to provide restitution to his victims. The statute mandates a minimum prison sentence during which Defendant Brown will not be able to engage in any work other than what is afforded him through the Bureau of Prisons. A portion

of any earnings Defendant Brown receives while incarcerated may be made available to the victims through the Federal Bureau of Prisons' Inmate Financial Responsibility Program.

## *Conclusion*

For the reasons set forth above, Defendant Brown respectfully requests a downward variance to the statutorily mandated minimum term of imprisonment of 180 months.

    Respectfully submitted,

    OFFICE OF THE FEDERAL PUBLIC DEFENDER
    Julia L. O'Connell, Federal Public Defender

    By:    s/Stephen J. Greubel
           Stephen J. Greubel, OBA #10653
           Senior Litigator
           Williams Tower I, Suite 1225
           One West Third Street
           Tulsa, Oklahoma 74103-3532
           Telephone: (918) 581-7656
           Facsimile: (918) 581-7630
           E-mail: stephen_greubel@fd.org
           *Counsel for the Defendant*

## **CERTIFICATE OF SERVICE**

I certify that on the 29th day of January, 2016, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant(s):

    Jeff Gallant
    Assistant United States Attorney
    Office of the United States Attorney
    110 West 7th Street, Suite 300
    Tulsa, Oklahoma 74119

           s/Stephen J. Greubel
           Stephen J. Greubel